**KENNETH D. WATNICK (Bar No. 150936)**
**kdw@amclaw.com**
**DAVID J. BILLINGS (Bar No. 175383)**
**djb@amclaw.com**
**ANDERSON, McPHARLIN & CONNERS LLP**
**707 Wilshire Boulevard, Suite 4000**
**Los Angeles, California 90017-3623**
**TELEPHONE: (213) 688-0080 ⧫ FACSIMILE: (213) 622-7594**

**Attorneys for Plaintiff ACE American Insurance Company, a Pennsylvania corporation**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARCH INSURANCE COMPANY, a Missouri corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-08580<br><br>**ACE AMERICAN INSURANCE COMPANY'S COMPLAINT FOR:**<br><br>**1. EQUITABLE SUBROGATION**<br>**2. EQUITABLE CONTRIBUTION**<br>**3. EQUITABLE INDEMNIFICATION**<br>**4. DECLARATORY RELIEF** |

**COMES NOW**, Plaintiff ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation and alleges as follows:

## <u>THE PARTIES</u>

1. Plaintiff ACE AMERICAN INSURANCE COMPANY ("ACE") is a corporation organized under the laws of the Commonwealth of Pennsylvania, and its principal place of business is in Pennsylvania.

2. Defendant ARCH INSURANCE COMPANY ("ARCH") is a corporation organized under the laws of the State of Missouri with its Statutory Home Office in Missouri and its Main Administrative Office in New Jersey, and it is subject to the jurisdiction of this Court.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1-10, inclusive, are unknown to ACE, which therefore brings suit against said Defendants by such fictitious names. ACE will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained. ACE is informed and believes that each of the Defendants named as DOE is liable to ACE for the matters alleged below.

4. ACE is informed and believes and thereon alleges that at all times herein mentioned each Defendant, in addition to acting for himself, herself, or itself, and on his, her or its own behalf individually, are and were acting as the agent, servant, employee, representative, principal, partner, associate, joint venturer and/or co-conspirator of, and with the knowledge, consent and permission of, each and all of the other said Defendants and within the course, scope and authority of said agency, service, employment, representation, partnership, association, joint venture and/or conspiracy.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between ACE and ARCH, and because the amount in controversy exceeds $100,000.

6. Venue is proper in this district, under 28 U.S.C. §§ 1391(b)(2) and 28 U.S.C. § 84(c) because a substantial part of the events giving rise to this action occurred in Orange County, California.

## GENERAL ALLEGATIONS

7. On July 1, 2019, Tyler Skaggs ("Skaggs"), a professional baseball player for the Los Angeles Angels of Anaheim, died of a fentanyl overdose from counterfeit Oxycodone pills laced with fentanyl ("Pills").

8. On June 29, 2021, Carli Skaggs, the wife of Skaggs, filed a Complaint against the Angels Baseball LP ("Angels"), Moreno Baseball LP and Moreno

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

Baseball Companies, Inc. (collectively "Moreno Companies"), Erik Kay ("Kay"), and Tim Mead ("Mead") in the Los Angeles Superior Court which was refiled in the Orange County Superior Court on November 29, 2021 and designated as Case No. 30-2021-0123706-CU-PO-CJC ("California Complaint"). The California Complaint alleged that Kay was the Angels' Director of Communications and that he allegedly provided Skaggs with the Pills. The California Complaint alleged causes of action for 1) Wrongful Death Negligence, and 2) Wrongful Death - Negligent Hiring, Retention, and Supervision ("California Lawsuit'). Attached hereto as **Exhibit A** is a true and correct copy of the California Complaint.

9. The California Complaint alleged that Skaggs died in his hotel room while traveling with the Angels for a baseball game in Texas. The California Complaint alleged that Kay provided Skaggs with the Pills that caused his death and that the Angels were responsible for the conduct of Kay because his improper acts in providing the illegal drugs were either required or "incidental" to Kay's duties as an employee of the Angels. The California Complaint alleged that the Angels knew, or should have known, Kay was trafficking in illegal drugs. The California Complaint alleged that despite the Angels' knowledge of Kay's drug use, they still promoted him to the head of the Department of Communications and asked that Kay accompany the team on road trips. The California Complaint sought compensatory, incidental and consequential damages, as well as exemplary and punitive damages, attorneys' fees, interest and costs.

10. On June 29, 2021, Debbie Hetman and Darrel Skaggs, the parents of Skaggs, filed a Petition in the District Court of Tarrant County, Texas ("Texas Lawsuit"). The Texas Lawsuit named the same defendants that were named in the California Lawsuit, and the Complaint ("Texas Complaint") alleged causes of action for 1) Wrongful Death - Negligence (against Angels), 2) Wrongful Death – Negligence (against Kay), 3) Wrongful Death – Negligence (against Mead),

/ / /

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

Wrongful Death Negligent Hiring, Retention, and Supervision (against Angels). Attached hereto as **Exhibit B** is a true and correct copy of the Texas Complaint.

11. The Texas Complaint alleged that the Angels allowed and permitted Kay to provide Skaggs with the dangerous illegal drugs and that Angels' employees, including Kay and Mead, were informed of Tyler's drug use but did not take action. The Texas Complaint alleged that the Angels permitted Kay to provide Skaggs with dangerous illegal drugs; the Angels knew or should have known that Kay was dealing illegal drugs; the Angels allowed Kay's behavior to continue; and Skaggs died as a result of the Angels' negligent conduct. The Texas Complaint sought actual and exemplary damages, costs, interest, expenses, and punitive damages.

12. The Angels tendered the defense of the California Lawsuit and the Texas Lawsuit to ACE under Workers' Compensation and Employers Liability Insurance Policy No. WLR C65435858 issued to the Angels for the policy period of February 1, 2019 to February 1, 2020 ("ACE Policy"). On September 7, 2021, ACE agreed to defend the Angels in the California Lawsuit and the Texas Lawsuit under a full and complete reservation of rights, including reserving the right to recover fees and costs paid to defend the Angels ("Defense Costs").

13. The Angels also tendered the defense of the California Lawsuit and the Texas Lawsuit to ARCH under Commercial General Liability Policy No. SSCGL0002702 issued to the Angels for the policy period of February 1, 2019 to February 1, 2020 ("ARCH Policy"). On September 29, 2021, ARCH denied the Angels' tender and refused to provide the Angels with a defense of the California Lawsuit and the Texas Lawsuit. On November 10, 2021, ARCH agreed to provide a defense to the Moreno Companies, Kay and Mead, but refused to provide a defense to the Angels. ARCH acknowledged that the California Complaint and the Texas Complaint alleged potentially covered "bodily injury" but refused to provide a defense to the Angels, improperly relying on the Employers' Liability exclusion in the ARCH Policy. ARCH knew or should have known that Tyler Skaggs was not

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

acting in the course and scope of employment when he was injured. At the very least, ARCH knew or should have known it had a duty to defend the actions because there was a potential that Tyler Skaggs was not acting within the course and scope of his employment at the time of his injury. Further, ARCH knew or should have known it had a duty to defend the alleged property damage to Skaggs' iPad that occurred in connection with Skaggs' injury.

14. The Texas Lawsuit was dismissed, and on May 9, 2022 a First Amended Complaint ("FAC") was filed in the California Lawsuit adding Debbie Hetman and Darrel Skaggs as co-plaintiffs and naming the Angels as the only defendant. The FAC alleged causes of action for 1) Wrongful Death - Negligence, and 2) Wrongful Death - Negligent Hiring, Retention, and Supervision against the Angels. Attached hereto as **Exhibit C** is a true and correct copy of the FAC.

15. ARCH reaffirmed its denial of coverage for the Angels based on the Employers' Liability exclusion. ACE continued to provide the Angels with a defense under a full and complete reservation of rights, including the right to recover Defense Costs if Skaggs was not acting within the course and scope of his employment.

16. On November 15, 2022, a Second Amended Complaint ("SAC") was filed alleging causes of action for 1) Wrongful Death - Negligence, and 2) Wrongful Death - Negligent Hiring, Retention, and Supervision against the Angels. The SAC also alleged damages for Skaggs' personal iPad. Attached hereto as **Exhibit D** is a true and correct copy of the SAC. ACE continued to provide a defense to the Angels under a complete reservation of rights, including the right to recover Defense Costs. ARCH continued to ignore its obligation to defend the action.

17. On February 17, 2023, a Third Amended Complaint ("TAC") was filed alleging causes of action for 1) Wrongful Death - Negligence, and 2) Wrongful Death - Negligent Hiring, Retention, and Supervision against the Angels. Attached hereto as **Exhibit E** is a true and correct copy of the TAC.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

18. ACE continued to provide a defense to the Angels under a complete reservation of rights, including the right to recover Defense Costs. ARCH continued to ignore its obligation to defend the action.

19. On May 15, 2023, a Fourth Amended Complaint ("4AC") was filed alleging causes of action for 1) Wrongful Death - Negligence, and 2) Wrongful Death - Negligent Hiring, Retention, and Supervision against the Angels. Attached hereto as **Exhibit F** is a true and correct copy of the 4AC.

20. ACE continued to provide a defense to the Angels under a complete reservation of rights, including the right to recover Defense Costs. ARCH continued to ignore its obligation to defend the action.

21. On August 27, 2025, the Court granted the Plaintiffs' motion for summary adjudication on the eleventh affirmative defense of workers' compensation exclusivity, finding that Skaggs "was not acting within the course and scope of his employment by the Angels" at the time of his injury ("Order"). The Order states that "Angels Baseball concedes that it does not contend Tyler's death is a work related injury under the Worker's Compensation Act because he was not performing service growing out of and incidental to his employment and was not acting within the course of his employment. Such concession demonstrates that Tyler's death is not compensable under section 3600(a)(2) ..." The Order further states that "Angels Baseball concedes that Tyler was not acting within the course and scope of his employment at the relevant time. Essentially, Angels Baseball is conceding that workers' compensation exclusivity does not apply, but arguing that if it were to apply, Angels Baseball could avoid liability for benefits by arguing that Tyler was intoxicated. Its concession, however, moots the argument." Attached hereto as **Exhibit G** is a true and correct copy of the Order.

22. Despite this unequivocal ruling that Skaggs was not acting in the course and scope of his employment at the time of injury, ARCH did not immediately acknowledge its obligations to the Angels. Because ARCH refused to acknowledge

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

its obligations, and to protect the Angels, ACE continued to provide a defense, subject to a reservation of rights, including the right to recover Defense Costs.

23. After the court issued the Order, the parties to the litigation jointly prepared a special verdict form and jury instructions that did not raise the employment of Skaggs as an issue.

24. Notwithstanding the Order holding that Skaggs was not acting in the course and scope of employment at the time of his injury, ARCH waited until October 30, 2025 to acknowledge its defense obligations. ARCH's initial disclaimer and belated acknowledgement of a duty to defend was improper because Skaggs was not acting within the course and scope of his employment with the Angels when he died.

25. On November 14, 2025, ACE withdrew its defense of the California Lawsuit based on the Order and ARCH's confirmation that it would assume the defense of the action—albeit belatedly. ACE expressly reserved its right to seek reimbursement of all Defense Costs it paid in connection with the California Lawsuit and the Texas Lawsuit.

26. ACE paid Defense Costs that were well in excess of the jurisdictional limit on behalf of the Angels in the California Lawsuit and the Texas Lawsuit, under a complete reservation of rights, including the right to recover the Defense Costs it paid. ACE has also received inquiries and demands from third parties because ARCH has failed to pay attorney's fees and costs ("Fees") for the California Lawsuit and the Texas Lawsuit.

**FIRST CAUSE OF ACTION**

**(Equitable Subrogation)**

27. ACE hereby incorporates Paragraphs 1 through 26, as though fully set forth herein.

28. ARCH is liable to the Angels for all loss, including Defense Costs, Fees, and all other amounts associated with the defense of the California Lawsuit

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

and the Texas Lawsuit under the ARCH Policy. ACE was not liable for any Defense Costs, Fees, or any other amounts associated with the defense of the California Lawsuit and the Texas Lawsuit.

29. ACE provided a defense to the Angels in the California Lawsuit and the Texas Lawsuit under the ACE Policy, under a reservation of rights to recover the Defense Costs it paid. ACE paid Defense Costs in the California Lawsuit and the Texas Lawsuit pursuant to the terms of the ACE Policy, subject to a reservation of rights, and not as a volunteer.

30. Pursuant to the terms of the ACE Policy, ACE has the right to pursue recovery of ACE's payments of Defense Costs or any other amounts paid for the defense of the California Lawsuit and the Texas Lawsuit from any responsible third party, including ARCH.

31. ACE sustained damages in an amount to be proven at trial, caused by ARCH's wrongful refusal to defend the Angels in the California Lawsuit and the Texas Lawsuit.

## SECOND CAUSE OF ACTION

**(Equitable Contribution)**

32. ACE hereby incorporates Paragraphs 1 through 31, as though fully set forth herein.

33. ARCH was required to defend the California Lawsuit and the Texas Lawsuit, as the damages sought in the California Lawsuit and the Texas Lawsuit were potentially covered under the ARCH Policy.

34. ARCH, however, refused to accept the Angels' tender and assume the defense of the Angels in the California Lawsuit and the Texas Lawsuit until October 30, 2025, more than four years after the California Lawsuit was filed.

35. During the period that ARCH wrongfully denied its defense obligation, ACE alone defended the Angels, under a complete reservation of rights.

/ / /

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

36. Skaggs was not acting within the course and scope of his employment at the time of his death. ACE had no obligation to defend the Angels in the California Lawsuit or the Texas Lawsuit.

37. ARCH is responsible for paying 100% of the Defense Costs that ACE paid in connection with the California Lawsuit and the Texas Lawsuit. If any third party seeks payment from ACE for Fees or additional amounts for the California Lawsuit or the Texas Lawsuit, ARCH is solely and fully responsible for payment of such Fees or amounts.

38. Solely in the alternative, ACE paid or will pay an inequitable portion of Defense Costs, Fees, and other amounts relating to the defense of the California Lawsuit and Texas Lawsuit, and ARCH is obligated to reimburse ACE accordingly.

39. ARCH had an independent obligation to provide a defense to the Angels, and thus, ARCH must reimburse ACE for 100% of the Defense Costs, Fees, or any other amounts that ACE paid or may pay in connection with the California Lawsuit and the Texas Lawsuit.

40. ARCH must pay all or, in the alternative, its equitable share of, Defense Costs, Fees, and/or any other amounts ACE has paid or may pay in connection with the California Lawsuit and the Texas Lawsuit.

41. ACE respectfully requests that ARCH be ordered to reimburse ACE 100%, or alternatively an equitable fair share, of the Defense Costs, Fees, and/or any other amounts ACE has paid or may pay in connection with the California Lawsuit and the Texas Lawsuit under the doctrine of equitable contribution.

## <u>THIRD CAUSE OF ACTION</u>

## (Equitable Indemnification)

42. ACE hereby incorporates Paragraphs 1 through 41, as though fully set forth herein.

43. Equitable indemnification enables an insurer that has paid an obligation which was the responsibility of a different insurer to place the complete burden for

the loss on that other party. Specifically, the basis for the remedy of equitable indemnity is restitution. One person is unjustly enriched at the expense of another which satisfies or discharges a liability belonging to the unjustly enriched person.

44. ACE is entitled to equitable indemnification from ARCH. ACE paid or may pay obligations of ARCH with respect to the California Lawsuit and the Texas Lawsuit.

45. By virtue of ACE's payment of obligations owed by ARCH, ARCH was unjustly enriched at ACE's expense.

46. ACE is entitled to equitable indemnity from ARCH for amounts and obligations of ARCH that were paid by ACE.

**<u>FOURTH CAUSE OF ACTION</u>**

**(Declaratory Relief)**

47. ACE hereby incorporates Paragraphs 1 through 46, as though fully set forth herein.

48. An actual and present controversy exists between ACE on the one hand, and ARCH on the other hand, with respect to their respective obligations and duties regarding the defense of the Angels in the California Lawsuit and the Texas Lawsuit.

49. In particular, ARCH owed a duty to defend the Angels in the California Lawsuit and the Texas Lawsuit as the damages sought against the Angels in the California Lawsuit and Texas Lawsuit were potentially covered under ARCH's Policy.

50. ARCH failed to timely acknowledge its defense obligation to the Angels in the California Lawsuit and the Texas Lawsuit.

51. ARCH wrongfully refused to accept the Angels' tender of the California Lawsuit and the Texas Lawsuit and failed to adequately investigate the Angels tender of the California Lawsuit and the Texas Lawsuit.

/ / /

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

52. ARCH failed to accept ACE's and the Angels' demand that ARCH defend the California Lawsuit and the Texas Lawsuit.

53. ACE had no duty to defend the Angels in the California Lawsuit or the Texas Lawsuit.

54. ACE is informed and believes that ARCH disputes that it owed a duty to defend the Angels from the outset of the filing of the California Lawsuit and the Texas Lawsuit.

55. ACE respectfully requests that this Court declare that ARCH was obligated to defend the Angels in the California Lawsuit and the Texas Lawsuit.

**PRAYER FOR RELIEF**

ACE requests that this Court enter judgment against ARCH, and orders on all causes of action as follows:

1. For a judgment against ARCH ordering it to pay all, or in the alternative an equitable share of Defense Costs, Fees, and any other amounts ACE paid or may pay to defend the Angels in the California Lawsuit and the Texas Lawsuit, in an amount in excess of $100,000, pursuant to equitable subrogation, in a final amount to be determined at trial.

2. For a judgment against ARCH ordering it to pay all, or in the alternative an equitable share of Defense Costs, Fees, and any other amounts that ACE paid or may pay to defend the Angels in the California Lawsuit and the Texas Lawsuit, in an amount in excess of $100,000 pursuant to equitable contribution, in a final amount to be determined at trial.

3. For a judgment against ARCH ordering it to pay all, or in the alternative an equitable share of Defense Costs, Fees, and any other amounts that ACE paid or may pay to defend the Angels in the California Lawsuit and the Texas Lawsuit, in an amount in excess of $100,000 pursuant to equitable indemnification, in a final amount to be determined at trial.

/ / /

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

4. For a judgment that ARCH is responsible in the event that third parties seek payment of Fees or any additional amounts from ACE relating to the California Lawsuit and the Texas Lawsuit.

5. For declaratory relief and a judgment as set forth herein.

6. For additional damages as may be proven at trial.

7. For costs and disbursements, including reasonable attorneys' fees incurred herein.

8. For interest thereon.

9. For costs of suit.

10. For such other amounts as this Court deems just and proper.

DATED: August 4, 2026

ANDERSON, McPHARLIN & CONNERS LLP

By: ***/s/ Kenneth D. Watnick***
Kenneth D. Watnick
David J. Billings
Attorneys for Plaintiff ACE American Insurance Company, a Pennsylvania corporation

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594