**MUSICK, PEELER & GARRETT LLP**
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone (213) 629-7600
Facsimile (213) 624-1376

Lawrence A. Tabb (State Bar No. 141471)
*l.tabb@musickpeeler.com*
Stephen M. Green (State Bar No. 201626)
*s.green@musickpeeler.com*

Attorneys for Defendant
ARCH INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARCH INSURANCE COMPANY, a Missouri corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-08580-MFW-KSx<br><br>Assigned to:<br>District Judge Michael W. Fitzgerald;<br>Magistrate Judge Karen L. Stevenson<br><br>**ARCH INSURANCE COMPANY'S OPPOSITION TO THEODORA ORINGHER PC'S MOTION TO INTERVENE**<br><br><u>Hearing</u>:<br>Date: December 2, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Michael W. Fitzgerald<br>Ctrm: 5A<br><br>Complaint Filed: August 4, 2026<br>Trial Date: Not Set |

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 4

A. Coverage Action ..... 4

B. Theodora's Motion To Intervene ..... 4

III. LEGAL STANDARD ..... 5

IV. ARGUMENT ..... 5

A. Theodora Is Not Entitled To Intervene As Of Right ..... 5

1. Disposition Of This Action Will Not Impair Theodora's Ability To Protect Its Interest ..... 5

2. The Existing Parties Adequately Represent The Position Theodora Seeks To Advance ..... 7

B. The Court Should Deny Permissive Intervention ..... 8

1. Theodora's Claim Shares No Common Question Of Law Or Fact With The Coverage Action ..... 9

2. The Discretionary Factors Weigh Decisively Against Permitting Intervention ..... 9

(a) Intervention Would Prejudice Arch By Injecting Evidence That Has No Place In The Allocation Determination ..... 10

(b) Intervention Would Delay The Coverage Action, Prejudicing Arch ..... 11

C. Arbitration Should Proceed *After* Allocation Between ACE And Arch Is Determined ..... 11

V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003) .......... 2, 5, 7

*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992) .......... 9

*Handy v. First Interstate Bank*, 13 Cal. App. 4th 917 (1993) .......... 3, 6, 9

*Janopaul + Block Cos., LLC v. Superior Court,* 200 Cal. App. 4th 1239 (2011) .......... 2, 6, 11, 12

*Otay Land Co. v. Royal Indem. Co.*, 169 Cal. App. 4th 556 (2008) .......... 3, 7

*Royal Indem. Co. v. United Enters., Inc.*, 162 Cal. App. 4th 194 (2008) .......... 3, 7

**Statutes**

California Civil Code § 2860 .......... *passim*

California Civil Code § Section 2860(c) .......... 3, 5, 8, 9

**Other Authorities**

FRCP 24(a)(2) .......... 2, 4, 5

FRCP 24(b) .......... 4

FRCP 24(b)(1)(B) .......... 3, 5, 8, 9

FRCP 24(b)(3) .......... 3, 5, 9

# I. INTRODUCTION

This is an equitable reimbursement action between Plaintiff ACE American Insurance Company ("ACE") and Defendant Arch Insurance Company ("Arch"). In its Complaint, ACE contends that it had no duty to defend the parties' common insured, Angels Baseball LP ("Angels"), that Arch owed a complete defense, and that Arch must reimburse ACE for the defense expenses it paid in an underlying action. (ECF 1, ¶¶ 36-41, 53, 55) Arch disputes those claims and will contend, in its forthcoming Answer and Counterclaim, that ACE rather than Arch owed the Angels a complete defense from tender through conclusion of the underlying action, and that ACE must reimburse Arch for the defense expenses it paid on behalf of the Angels. Thus, the parties agree that at least one of the two insurers had a duty to defend throughout the underlying action. The only issue this case presents is which insurer had the primary duty to defend and what the allocation of defense expenses is between them.

Theodora Oringher PC ("Theodora"), the law firm that served as the Angels' independent counsel in the underlying action pursuant California Civil Code § 2860 ("Section 2860"), moves to intervene in this dispute as a matter of right, or, in the alternative, permissively. It does so for the purposes of (i) seeking a declaration that ACE and/or Arch had a duty to defend the underlying action; and (ii) seeking an order of this Court compelling ACE and Arch to arbitrate Theodora's fee claim under Section 2860. Arch agrees with Theodora that ACE, Arch, and Theodora should arbitrate the disputed amount of defense expenses owed to Theodora, if any, pursuant to Section 2860. Contrary to assertions in the Motion, Arch never rejected a request to arbitrate by Theodora.[1] However, the issue of the insurers' allocation of

[1] Arch's response to Theodora's request to arbitrate was to propose that Arch, ACE, and Theodora agree to mediate their dispute before any motion to compel arbitration were filed.

their respective duty to defend should be decided first. *Janopaul + Block Cos., LLC v. Superior Court,* 200 Cal. App. 4th 1239, 1251 (2011).

Therefore, Theodora's motion to intervene for the purpose of seeking an order compelling arbitration is premature, and it should be denied without prejudice to re-file following the Court's adjudication of the duty to defend and allocation dispute between ACE and Arch. Theodora's motion to intervene for the purpose of litigating the duty to defend should also be denied. No matter how this case is resolved, there will be a finding that ACE, Arch, or both, owed a duty to defend. There is no reason for a defense firm in the underlying action to inject itself in such an insurance allocation dispute. Moreover, Theodora is not an insured under either ACE's or Arch's policy and does not have standing otherwise to intervene. Accordingly, the motion should be denied.

Theodora is not entitled to intervene as of right, pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a)(2). Theodora must prove it has a "significantly protectable interest relating to the property or transaction that is the subject of the action." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). It must also prove "the disposition of the action may impair or impede the party's ability to protect that interest" and its "interest must not be adequately represented by existing parties." *Id.* Neither requirement is met here. To the extent there is a dispute over the amount of defense expenses owed to Theodora, it should be resolved by a Section 2860 arbitration upon the conclusion of this coverage allocation action between two insurers. The disposition of this action will not impair or impede Theodora's ability to pursue that, and a motion to compel arbitration is premature before such allocation is determined.

With regard to the duty to defend, the position that Theodora wishes to advance – that at least one of the insurers had a duty to defend the Angels – is already a predetermined outcome in this action. ACE argues that Arch had a duty to defend, while Arch argues the opposite: that ACE had a duty to defend, and that

Arch is either excess of ACE's primary insurance, or, alternatively, the two insurers' defense obligations should be allocated between them. No matter how this coverage dispute is resolved, there will be a finding that at least one of the two insurers had a duty to defend the Angels throughout the underlying action. Theodora's proposed declaratory relief claims simply restate those positions.

Moreover, Theodora lacks standing to litigate ACE's or Arch's duty to defend the Angels. *Royal Indem. Co. v. United Enters., Inc.*, 162 Cal. App. 4th 194, 205, 211-12 (2008); *Otay Land Co. v. Royal Indem. Co.*, 169 Cal. App. 4th 556, 564-66 (2008). The sole issue for which Theodora could have standing – compelling a Section 2860 arbitration upon the conclusion of this allocation dispute – cannot be asserted until this Court adjudicates the duty to defend and allocation dispute between ACE and Arch. Thus, while Arch agrees that Theodora's fee dispute with Arch and ACE should be arbitrated, it is presently premature.

Permissive intervention is similarly unwarranted because Theodora cannot show it "has a claim or defense that shares with the main action a common question of law or fact." FRCP 24(b)(1)(B). There is no dispute that at least one of the two insurers had a duty to defend. Theodora has nothing to contribute to that determination or the proper allocation of the defense between the two insurers. The Section 2860 arbitration, instead of this Court, should resolve any issue of outstanding defense expenses upon the conclusion of such allocation determination. Section 2860(c) assigns fee questions (*e.g.,* rates, reasonableness, audits, and deductions) exclusively to an arbitrator, while California law assigns the determination of the duty to defend exclusively to the court. *Handy v. First Interstate Bank*, 13 Cal. App. 4th 917, 923-24 (1993). Even if a common question existed, intervention would prejudice Arch and ACE by injecting evidence that has no place in the allocation dispute between them for the defense of the underlying action, and would delay this case. FRCP 24(b)(3).

Accordingly, Theodora's motion fails to either establish a right to intervene in this action, or that the conditions for permissive intervention exist. The Court should deny the motion.

## II. BACKGROUND

### A. Coverage Action

ACE filed this action ("Coverage Action") on August 4, 2026, asserting claims against Arch for equitable subrogation, equitable contribution, equitable indemnification, and declaratory relief. (ECF 1) ACE alleges that Arch owed their mutual insured, the Angels, a duty to defend it against an underlying action from the date of tender through its conclusion; that ACE did not owe a duty to defend the Angels; and that Arch must reimburse ACE for all, or alternatively an equitable share, of defense expenses that ACE paid. (*Id.,* ¶¶ 33–41, 49-55 & Prayer) ACE does not allege that neither insurer had a duty to defend. Instead, it argues that Arch, and not ACE, owed a duty to defend the Angels.

Arch's response to the Complaint is due November 18, 2026. (ECF 12) Arch will deny ACE's material allegations, assert affirmative defenses, and assert a Counterclaim that ACE instead owed a primary duty to defend, thereby seeking reimbursement from ACE for sums that Arch paid in defense of the Angels. Arch will allege that ACE owed a duty to defend the Angels against the underlying action from the date of tender through its conclusion; that for any period of coverage during which Arch had a duty to defend, Arch's policy is excess to ACE's primary policy; and that since ACE owed a duty to defend the Angels throughout the underlying action, and is the primary insurer of the Angels, ACE must reimburse Arch for all, or alternatively an equitable share, of defense expenses that Arch paid.

### B. Theodora's Motion To Intervene

Theodora moves to intervene in the Coverage Action either as a matter of right pursuant to FRCP 24(a)(2), or on a permissive basis pursuant to FRCP 24(b). Its proposed Complaint-in-Intervention seeks to assert three claims: (1) declaratory

relief that Arch owed a duty to defend the Angels; (2) declaratory relief that ACE owed a duty to defend the Angels; and (3) an order compelling both insurers to arbitrate Theodora's fee dispute, pursuant to Section 2860(c). (ECF 13-2, ¶¶ 78–98)

## III. LEGAL STANDARD

A movant for intervention as of right under FRCP 24(a)(2) must show: (1) its motion is timely; (2) it has a "significantly protectable interest relating to the property or transaction that is the subject of the action"; (3) "the disposition of the action may impair or impede the party's ability to protect that interest"; and (4) its "interest must not be adequately represented by existing parties." *Arakaki, supra*, 324 F.3d at 1083. "Each of these four requirements must be satisfied to support a right to intervene." *Id.*

A movant for permissive intervention must show: (1) its motion is timely; and (2) it "has a claim or defense that shares with the main action a common question of law or fact." FRCP 24(b)(1)(B). Additionally, "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FRCP 24(b)(3).

## IV. ARGUMENT

### A. Theodora Is Not Entitled To Intervene As Of Right

#### *1. Disposition Of This Action Will Not Impair Theodora's Ability To Protect Its Interest*

To intervene as a matter of right, Theodora must prove that the disposition of the Coverage Action "may as a practical matter impair or impede [its] ability to protect its interest…" FRCP 24(a)(2); *Arakaki,* 324 F.3d at 1083. Theodora cannot meet that burden. The sole issue presented by the Coverage Action is whether Arch or ACE owed a primary duty to defend the Angels in the underlying action, and the allocation of responsibility between them. Theodora moves to intervene in this action for the purposes of (i) seeking a declaration that ACE and/or Arch had a duty to defend the underlying action; and (ii) seeking an order of this Court compelling

ACE and Arch to arbitrate Theodora's fee claim under Section 2860. At bottom, Theodora's interest that it seeks to protect is a fee claim against both insurers.

Yet, any dispute regarding defense expenses purportedly owed to Theodora should be resolved by arbitration, pursuant to Section 2860. In *Janopaul,* 200 Cal. App. 4th at 1251, the Court of Appeal stated, "to the extent there is a dispute between the parties concerning the amount of [independent] counsel fees owed in the defense of an insured in a third party suit, that dispute ultimately must be resolve by arbitration as required by subdivision (c) of section 2860."[2] Therefore, Arch agrees with Theodora that its fee claim with Arch and ACE should be arbitrated under Section 2860. Despite Theodora's contentions otherwise, Arch never refused to arbitrate the fee dispute with it. Instead, Arch offered to mediate first, which Theodora refused. Notwithstanding, the disposition of the Coverage Action will not impair or impede Theodora's ability to pursue arbitration. However, *Janopaul* also held that the issue of an insurer's duty to defend should proceed before any Section 2860 arbitration. *Id*. Accordingly, Theodora's motion to intervene for the purpose of seeking an order compelling arbitration is premature.

With regard to the duty to defend, the position that Theodora wishes to advance – that at least one of the insurers had a duty to defend the Angels – is already a predetermined outcome in this action. ACE argues that Arch had a duty to defend the Angels in the underlying action from its outset through its conclusion. (ECF 1, ¶¶ 33-35, 49-55) Arch's forthcoming Answer and Counterclaim will argue the opposite: that ACE had a duty to defend the Angels from the outset of the underlying action through its conclusion, and that Arch is either excess of ACE's primary insurance, or, alternatively, the two insurers' defense obligations should be allocated between them. Regardless of how this Court resolves that dispute, there

[2] Conversely, the duty to defend cannot be decided in a Section 2860 arbitration, but rather must be decided by a court. *Handy,* 13 Cal. App. 4th at 924.

will be a finding that at least one of the two insurers had a duty to defend the Angels throughout the entire underlying action. Therefore, rather than impair or impede Theodora's alleged interest in the insurer allocation dispute, the disposition of the Coverage Action will establish the proper allocation of defense expenses between the insurers.

Moreover, Theodora lacks standing to litigate ACE's or Arch's duty to defend the Angels. (See, *Royal Indem. Co. v. United Enters., Inc.*, 162 Cal. App. 4th 194, 211 (2008) (Court of Appeal affirmed denial of intervention in insurer's coverage action with insured and other insurers because claimant was "a third party who is not in privity of contract with the liability insurer, nor is it any kind of additional insured," and it therefore "lack[ed] standing to sue the insurer to resolve coverage questions about [the insured's] rights under the policy."); *Otay Land Co. v. Royal Indem. Co.*, 169 Cal. App. 4th 556 (2008) (Same result where claimant filed separate action against another's insurer). Theodora stands in an analogous position to the claimant in those cases.

### ***2. The Existing Parties Adequately Represent The Position Theodora Seeks To Advance***

To intervene as a matter of right, Theodora must also prove that the existing parties to the Coverage Action will not adequately represent its interest. When the would-be intervenor and an existing party have the same "ultimate objective," a presumption of adequate representation arises, and a "compelling showing" is required to rebut that presumption. *Arakaki,* 324 F.3d at 1086. The adequacy question must be measured against the issues that are actually before the Court. In the Coverage Action, the sole issue is whether ACE or Arch owed a duty to defend the Angels and how defense costs should be allocated between them. As to that issue, Theodora's desired outcome will be urged by ACE and Arch:

- Theodora seeks a declaration that Arch owed a duty to defend the Angels from the outset of the underlying action through its conclusion.

(ECF 13-2, ¶¶ 65-67, 71, 80-85) ACE already seeks that declaration. (ECF 1, ¶¶ 33-35, 49-55)

- Theodora seeks a declaration that ACE owed a duty to defend the Angels from the outset of the underlying action through its conclusion, and that ACE could not withdraw its defense mid-trial. (ECF 13-2, ¶¶ 62–64, 89–93) Arch will seek that declaration in its forthcoming Answer and Counterclaim.

Any potential outcome in the Coverage Action will involve a determination that one or both of ACE and Arch owed a duty to defend. Theodora's motion is built on the faulty premise that each insurer seeks only to minimize its own share, so that neither will argue that *it* owed a defense. (ECF 13-1 at 13-14) That misses the mark. The critical point is that each insurer will affirmatively argue the *other* owed a complete duty to defend the Angels from the outset through conclusion of the underlying action. Theodora's motion does not identify any argument concerning the duty to defend that neither insurer will advance. Likewise, its participation in the litigation of the allocation dispute between two insurers will add nothing. What Theodora contends the parties will "neglect" confirms that its interests lie outside this case: "a determination of the amounts owed to Theodora Oringher, the rates payable under Section 2860(c), or an order compelling arbitration," together with Theodora's knowledge of "the invoices submitted, and the Carriers' payment history." (ECF 13-1 at 14) Those are part and parcel of Theodora's fee claim that should be arbitrated.

**B. The Court Should Deny Permissive Intervention**

Theodora moves, in the alternative, for permissive intervention in the Coverage Action, which requires it show a common question of law or fact between Theodora's claim and the Coverage Action. FRCP 24(b)(1)(B). Theodora cannot meet that burden either. Even if it could, the Court retains broad discretion to deny intervention and "must consider whether the intervention will unduly delay or

prejudice the adjudication of the original parties' rights." FRCP 24(b)(3). Here, permitting Theodora to intervene would do both.

### *1. Theodora's Claim Shares No Common Question Of Law Or Fact With The Coverage Action*

Permissive intervention requires that the movant's own "claim or defense" share a common question of law or fact with the main action. FRCP 24(b)(1)(B); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). Where the would-be intervenor's real claim turns on different questions, permissive intervention is properly denied. Theodora's claim is for unpaid fees and costs. As discussed above, Arch and Theodora agree that issues regarding Theodora's purportedly unpaid defense expenses are subject to arbitration, pursuant to Section 2860. California law commits those questions to arbitration. *Handy*, 13 Cal. App. 4th at 923-24. As such, Theodora's fee claim and the Coverage Action do not share a common question of law or fact.

Conversely, the question that *is* before the Court – the allocation between Arch and ACE – cannot be decided in a Section 2860(c) arbitration. "[T]hese preliminary matters, if contested, may not be decided in an arbitration ordered pursuant to Civil Code section 2860 but must be resolved by the trial court in the first instance." *Handy* at 924. The statutory scheme divides the territory cleanly: the allocation dispute between ACE and Arch belongs to this Court; Theodora's fee dispute belongs to an arbitrator. By design, the two do not share common questions.

### *2. The Discretionary Factors Weigh Decisively Against Permitting Intervention*

If Theodora could meet its burden of proving a common question of law or fact – which it cannot – the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FRCP 24(b)(3). Here, it would do both.

**(a) <u>Intervention Would Prejudice Arch By Injecting Evidence That Has No Place In The Allocation Determination</u>**

Theodora argues, "[t]he Court should not decide who must pay for Angels Baseball's defense without hearing from the firm that provided it." (ECF 13-1 at 2) It further explains that, "as the independent counsel that actually defended Angels Baseball through trial," it "has direct knowledge of the defense, the Carriers' approvals, the invoices submitted, and the Carriers' payment history, all of which bear on the Carriers' respective obligations." *Id.* at 14. Theodora has the law backwards. None of those matters bear on whether ACE or Arch has the primary duty to defend the Angels.

The position that Theodora wishes to advance – that at least one of the insurers had a duty to defend the Angels – is already a predetermined outcome in this action. No matter how this coverage dispute is resolved, there will be a finding that at least one of the two insurers had a duty to defend the Angels throughout the underlying action. Additionally, Arch agrees with Theodora that its fee dispute should be arbitrated after the Court resolves the allocation issue between two insurers.

How Theodora staffed the defense, which experts and trial staffing ACE approved, what Theodora billed, and what the insurers paid or reduced are not facts pertinent to this Court's adjudication of the insurers' allocation between them. Permitting Theodora to intervene in the Coverage Action for the stated purpose of placing that evidence before the Court would compromise the integrity of the insurer allocation determination for defense expenses and significantly expand the scope of ACE's and Arch's dispute.

(b) **Intervention Would Delay The Coverage Action, Prejudicing Arch**

Permitting Theodora to intervene in the Coverage Action would also unduly delay its resolution. ACE's claims, and Arch's forthcoming Counterclaim, will present a focused coverage and allocation dispute between two insurers that can be resolved on the policies, the underlying pleadings, and the facts known by each at pertinent times. Theodora proposes to add its "knowledge of the defense, the Carriers' approvals, the invoices submitted, and the Carriers' payment history." (ECF 13-1 at 14) Its proposed pleading shows what that would entail: ACE's April 2024 rate agreement and its advance approvals of experts, depositions, and trial staffing; the claims administrator's review of invoices and its "line-by-line" denial spreadsheets; Theodora's unanswered appeals of those reductions; the rate Theodora says Arch paid it in an unrelated matter years ago; and expert travel and testimony costs. (ECF 13-2, ¶¶ 49-57, 69-72) All of that is extraneous to, and inappropriate for consideration of, ACE's and Arch's discrete allocation dispute regarding defense expenses. Adding these issues, and discovery concerning them, would clearly create delay that would prejudice Arch and ACE.

**C. Arbitration Should Proceed *After* Allocation Between ACE And Arch Is Determined**

Arch agrees with Theodora that a Section 2860 arbitration should resolve any dispute regarding Theodora's allegedly outstanding fees, however, for both legal and practical reasons, such arbitration should only occur *after* the current allocation dispute between ACE and Arch is resolved. California courts have held that issues relating to an insurer's general responsibility for defense costs should be resolved before an insurer is compelled to a Section 2860 arbitration, stating, "our decision requires *postponing* the determination of that issue [compelling Section 2860 arbitration] until the threshold questions of duty to defend, breach and bad faith are resolved in the trial court." *Janopaul,* 200 Cal. App. 4th at 1250 (emphasis in the

original).

Just as in *Janopaul,* a determination as to the allocation of the duty to defend between Arch and ACE in the Coverage Action would be a threshold question for a Section 2860 arbitration to proceed, as it would determine the appropriate insurer parties for the arbitration, and to the extent both insurers have a primary duty to defend, the allocation of any potential award for additional attorneys' fees.[3] Theodora's motion to compel such an arbitration is therefore premature, and Theodora's motion should be denied, without prejudice to renew after the allocation dispute is resolved, to the extent that any insurer with a duty to defend continues to refuse to proceed to a Section 2860 arbitration.

## V. **CONCLUSION**

Theodora's motion to intervene is fatally flawed on the several grounds set forth above. Therefore, Arch respectfully requests that the Court deny it.

DATED: November 10, 2026 MUSICK, PEELER & GARRETT LLP

By: */s/ Stephen M. Green*
Stephen M. Green
Attorneys for Defendant
ARCH INSURANCE COMPANY

[3] An order compelling arbitration may also not be necessary after the allocation issue is determined. Arch and Theodora agree that a Section 2860 arbitration is the proper method to resolve the fee dispute, and ACE may later agree to arbitrate if it is found to have a primary duty to defend.

**Certificate Of Compliance With L.R. 11-6.1**

The undersigned, counsel of record for Defendant Arch Insurance Company, certifies that this brief contains 3,632 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 10, 2026 MUSICK, PEELER & GARRETT LLP

By: */s/ Stephen M. Green*
Stephen M. Green
Attorneys for Defendant
ARCH INSURANCE COMPANY